The Honorable Tom Wynne, Prosecuting Attorney 13th Judicial District P.O. Box 748 Fordyce, Arkansas 71742
Dear Mr. Wynne:
This official Attorney General opinion is issued in response to your recent question concerning an interlocal agreement entered into between Columbia County and various municipalities.
You indicate that the agreement purports to have been entered into under the authority of both A.C.A. § 14-14-910 and A.C.A. § 25-20-101 et seq.
The agreement was never submitted to the Attorney General for approval.
Accordingly, you have asked:
 Is an interlocal agreement that is entered into under the authority of both A.C.A. § 14-14-910 and A.C.A. § 25-20-101 et seq. valid if it is not submitted to the Attorney General for approval?
It is my opinion that an interlocal agreement to which neither a state nor a state agency is a party, and that is entered into under the authority of both A.C.A. § 14-14-910 and A.C.A. § 25-20-101 et seq., is valid despite the fact that it was not submitted to the Attorney General for approval, provided that it complied is all respects with the requirements of A.C.A. § 14-14-910.
Interlocal agreements that are entered into under the authority of A.C.A. § 14-14-910 are not required to be submitted to the Attorney General for approval, unless a state or a state agency is a party to the agreement. Section (e) of that statute states:
 (e) SUBMISSION TO ATTORNEY GENERAL. Every agreement including a state or a state agency shall, prior to and as a condition precedent to its final adoption and performance, be submitted to the Attorney General who shall determine whether the agreement is in proper form and compatible with the laws of the State of Arkansas. The Attorney General shall approve any agreement submitted to him unless he finds it does not meet the conditions set forth in this section. Then he shall detail in writing addressed to the governing bodies of the public agencies concerned the specific respects in which the proposed agreement fails to meet the requirements of law. Failure to disapprove an agreement within thirty (30) days of its submission shall constitute approval.
A.C.A. § 14-14-910(e).[1]
I find it notable that while A.C.A. § 14-14-910 does not require approval by the state's attorney of agreements in which the state is not involved, it does require that such agreements be submitted to "legal counsel" for approval. See A.C.A. § 14-14-910(d). This requirement assures professional legal supervision of agreements in which the state has no interest.
For the foregoing reasons, I conclude that an interlocal agreement to which neither a state nor a state agency is a party, and that is entered into under the authority of both A.C.A. § 14-14-910 and A.C.A. §25-20-101 et seq., is valid despite the fact that it was not submitted to the Attorney General for approval, provided that it complied in all respects with the requirements of A.C.A. § 14-14-910.
Accordingly, it is my opinion that the interlocal agreement about which you have inquired, which does not include the state or any state agency as a party, is valid despite the fact that it may not have been submitted to the Attorney General for approval, provided that it complies in all respects with the requirements of A.C.A. § 14-14-910.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] In contrast, A.C.A. § 25-20-104 requires the Attorney General's approval of all agreements entered into under the provisions of A.C.A. §25-20-101 et seq., stating as follows:
 (f)(1) Every agreement made hereunder prior to, and as a condition precedent to, its entry into force shall be submitted to the Attorney General who shall determine whether the agreement is in proper form and compatible with the laws of this state.
A.C.A. § 25-20-104(f)(1).